**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**THOMAS A. BUTTI, 97-R-6402,**

                Petitioner,

      v.                                                                    01-CV-0218B

**BRIAN FISCHER, Superintendent of**                 **DECISION AND ORDER**
**Sing Sing Correctional Facility,**

                Respondent.

_____

Petitioner, Thomas A. Butti ("Butti"), filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his due process rights were violated at a disciplinary proceeding, resulting in the loss of six months good time credit. (Dkt. #1). Respondent has filed an answer to the petition (Dkt. #4) and the parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. #8). On May 26, 2005, this case was referred to the undersigned for all further proceedings. (Dkt. #9).

Since the filing of his petition, Butti was paroled from DOCS's custody on April 18, 2005. *See* DOCS Inmate Lookup at http://www.docs.state.ny.us. Butti's parole implicates considerations for this Court with respect to whether or not the petition is moot because it no longer satisfies the case or controversy requirement of Article III, §2 of the U.S. Constitution.

As is the case with all litigants in federal court, petitioner must satisfy the 'case or controversy' requirement of Article III, §2, of the Constitution in order to be

eligible for relief.  "A case becomes moot if, *at any stage of the proceedings,* it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), *citing Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *accord Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 51 (2d Cir. 2004) and *Swaby v. Ashcroft,* 357 F.3d 156, 159-60 (2d Cir. 2004)**.  "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist."** *So v. Reno,* 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003) (internal quotation marks omitted and emphasis added) (*citing, Spencer,* 523 U.S. at 7, 118 S.Ct. 978 *and Gonzalez v. INS,* 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); *see also, Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002).

It is therefore **ORDERED** that, **by or before August 15, 2005, petitioner file a Memorandum of Law demonstrating a concrete injury which continues to result as a consequence of the denial of good time that can be remedied by granting the writ, or the petition herein will be dismissed as moot.**

Further, as stated above,The DOCS Inmate Lookup at http://www.docs.state.ny.us. reflects Butti's parole as of April 18, 2005.  There is no information on his whereabouts after release.  To date, the only address on the Court's Docket for Butti is the Livingston Correctional Facility in Sonyea, New York.  Based on this, it appears that Butti has failed to provide the Court with an address where papers may be served.

The Local Rules of Civil Procedure requires that a party proceeding *pro se*

"must furnish the Court with a current address at which papers may be served on the litigant. .... In addition, the Court must have a current address at all times. Thus **a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice**". Local Rules of Civil Procedure for the United States District Court of the Western District of New York, Rule 5.2(d) (emphasis added)

Accordingly, **petitioner is directed to provide the Court with an address where papers may be served by August 15, 2005 or the case will be dismissed with prejudice**

**SO ORDERED.**

Dated:    June 15, 2005
          Buffalo, New York

/s/ *Victor E. Bianchini*
_____
**VICTOR E. BIANCHINI**
United States Magistrate Judge