**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**THOMAS A. BUTTI, 97-R-6402,**

                    **Petitioner,**

            **v.**                                                **01-CV-0218B**

**BRIAN FISCHER, Superintendent of**         **AMENDED**
**Sing Sing Correctional Facility,**              **DECISION AND ORDER**

                    **Respondent.**

_____

## INTRODUCTION

Petitioner, Thomas A. Butti ("Butti"), filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his due process rights were violated at a disciplinary proceeding, resulting in the loss of six months good time credit. The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On May 26, 2005, this case was referred to the undersigned for all further proceedings.  The Tier III disciplinary hearing which is the subject of the instant petition was conducted on April 6, 1999, with a decision rendered on the same date.  Butti was found guilty of violation of Department of Corrections Rules 103.20 (soliciting), 113.23 (contraband) and 180.11 (facility correspondence violation) and a six month loss of good time credits was recommended.  The Appellate Division Fourth Department denied Butti's application for relief pursuant to Article 78 on November 13, 2000 (*Matter of Butti v. Goord,* 277 A.D.2d 1062, 716 N.Y.S.2d 349) and leave to appeal to the Court of Appeals was denied on February 15, 2001 (*Butti v. Goord,* 96 N.Y.2d 704, 746

N.E.2d 186, 723 N.Y.S.2d 131).

The petition was filed on March 23, 2001 and asserts that Butti's due process rights were violated in the disciplinary hearing as follows:

(1) the hearing officer exhibited bias towards him and excluded him from presenting a defense to the charges; and

(2) the hearing officer's decision was not supported by sufficient evidence and the recommendation of loss of good time was improper.
Respondent does not contest that the petition is timely and that petitioner has exhausted his administrative and state court remedies.

Since the filing of the instant petition, Butti was paroled from DOCS's custody on April 18, 2005. *See* DOCS Inmate Lookup at http://www.docs.state.ny.us. However, our Court Docket does not reflect an address for Butti since his release, and provides only his last known prison address.

On June 15, 2005, this Court issued an Order finding that Butti's discharge from custody raises the question of whether or not the petition is moot and directed Butti to file a Memorandum of Law on this issue by August 15, 2005, or the petition herein may be dismissed.  The Order also directed Butti to provide an address where papers may be served by or the case would be dismissed with prejudice for failure to comply with Rule 5.2(d) of the Local Rules of Civil Procedure for the United States District Court of the Western District of New York.  This Order was returned as undeliverable [1] and no further information or response from Butti has been forthcoming

---

[1] A previous order in this case was also returned as undeliverable.

to date.

## DISCUSSION

28 U.S.C. §2254 allows habeas corpus review for a person who alleges that he/she is "...in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. §2254(a). This "in custody" requirement is jurisdictional and is satisfied if the petition is filed while the petitioner is in custody [2] pursuant to the conviction or sentence being attacked. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998), *citing, Carafas v. LaVallee,* 391 U.S. 234, 238 (1968) and *Maleng v. Cook,* 490 U.S. 488, 490-491 (1989) (per curiam). It is well settled that jurisdiction is not defeated even if petitioner is later paroled, deported or otherwise released. *Id.; see also, DeLaRosa v. Ebert,* 5005 WL 525650, *1 (S.D.N.Y. 2005); *Soto v. Parrott,* 2004 WL 1043081, *1 (S.D.N.Y. May 06, 2004); *So v. Reno,* 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003); *Louise v. Costello,* 2002 WL 1446618, *2 (S.D.N.Y. 2002); *Huber v. Schriver,* 140 F.Supp.2d 265, 269 (E.D.N.Y. 2001). It is clear that Butti filed the instant petition while he was still incarcerated. Hence, this Court has jurisdiction and Butti's claim is not defeated because he has since been paroled.

Jurisdiction, however, is not the issue. Rather, Butti's petition is moot

---

[2] The 'in custody' requirement clearly applies to an incarcerated individual, is liberally construed [*Maleng v. Cook,* 490 U.S. 488, 490-92 (1989)] and has even been held to apply to parole [*Jones v. Cunningham,* 371 U.S. 236 (1963); *Jaso v. VanCuren,* 454 U.S. 14, 21 n. 3 (1981)], probation [*Olson v. Hart,* 965 F.2d 940 (19th Cir. 1992)], supervised release [*Scanio v. U.S.*, 37 F.3d 858, 860 (2d Cir. 1994)] and even bail [*Prieser v. Rodrigues,* 411 U.S. 475 (1973)].

because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. As is the case with all litigants in federal court, petitioner must satisfy the 'case or controversy' requirement of Article III, Section 2, of the Constitution in order to be eligible for relief. "A case becomes moot if, *at any stage of the proceedings,* it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), *citing Spencer,* 523 U.S. at 7 (1998); *accord Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 51 (2d Cir. 2004) and *Swaby v. Ashcroft,* 357 F.3d 156, 159-60 (2d Cir. 2004). "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist." *So v. Reno, supra,* 251 F.Supp.2d at 1121 (internal quotation marks omitted) (*citing, Spencer,* 523 U.S. at 7, 118 S.Ct. 978 *and Gonzalez v. INS,* 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); *see also, Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002).

      Collateral consequences are presumed in the case of a petitioner challenging his underlying criminal conviction because of the "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences" *Id. (citing Sibron v. New York,* 392 U.S. 40, 54-55 (1968)). However, prevailing case law holds that no such presumption applies in challenges to proceedings other than the underlying criminal convictions, as is the case here. *Spencer,* 523 U.S. at 13 (challenge to a finding of parole violation); *United States v. Mercurris,* 192 F.3d 290 (2d Cir. 1999)(petitioner challenging a sentence enhancement); *United States v. Probber,* 170

F.3d 345 (2d Cir.1999) (challenge to revocation of supervised release).  In these cases, the courts require that a petitioner demonstrate a concrete injury in fact in order to avoid dismissal for failure to satisfy Article III's 'case or controversy' requirement. *Id*.

It has recently been held in this District that a challenge to a disciplinary hearing which results in confinement to the Special Housing Unit does not presume collateral consequences and "petitioner 'has the burden of demonstrating the existence of a continuing adverse legal consequence stemming from the decision he is challenging'." *Barnes v. Herbert,* Slip Op., 01-CV-6448CJS(B) (W.D.N.Y. May 26, 2005, Siragusa, USDJ), *quoting U.S. v Probber,* 170 F.3d 345, 348 (2d Cir. 1999) and *citing Spencer,* 523 U.S. at 13-14.  Likewise, this Court finds that a challenge to a disciplinary hearing which results in loss of good time does not presume collateral consequences and petitioner is therefore required to demonstrate a concrete injury in fact in order to avoid dismissal for failure to satisfy Article III's 'case or controversy' requirement.  Since his parole, the Court gave Butti the opportunity to do this and he failed to respond.

There are many situations in which the courts have already held that certain alleged collateral consequences are not sufficient to satisfy Article III's case or controversy requirement. *See, e.g., Spencer*, 523 U.S. at 15 (damage to reputation, potential use against petitioner in future civil or criminal proceedings and possible use to support an increased or more severe sentence in a subsequent proceeding); *Probber,* 170 F.3d at 349 (damage to reputation or the possibility that petitioner might be wrongfully convicted in the future was too speculative to be considered a concrete injury).  As applied to the present petition, the Court finds that any of the above

consequences, to the extent they apply to Butti, would similarly be insufficient to establish a concrete injury.

To the extent that the denial of good time credits may have an effect on Butti if he were to commit future crimes or engage in conduct specifically prohibited by the terms of his parole and be re-incarcerated, such considerations are highly speculative and presumes future wrongdoing or criminal conduct on the part of the petitioner. These possibilities cannot be legitimate bases for a concrete and continuing injury sufficient to create Article III case or controversy status. As the *Spencer* Court stated:

> A similar claim was likewise considered and rejected in *Lane* [*Lane v. Williams,* 455 U.S. 624 (1982)], because it was contingent upon respondents' violating the law, getting caught, and being convicted. "Respondents themselves are able--and indeed required by law--to prevent such a possibility from occurring." *Lane, supra,* at 633, n. 13, 102 S.Ct., at 1328, n. 13. We of course have rejected analogous claims to Article III standing in other contexts.
>
> "[W]e are ... unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction." *O'Shea v. Littleton,* 414 U.S. 488, 497, 94 S.Ct. 669, 677, 38 L.Ed.2d 674 (1974). *See also Los Angeles v. Lyons,* 461 U.S. 95, 102-103, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983).

*Spencer,* 523 U.S. at 15.

Butti has provided this Court with no reason, nor can it envision any other sufficient collateral consequences that the denial of good time would have upon him

after he is released from prison.  Therefore, based on the above, the petition is dismissed as moot.

An additional independent ground for dismissal is Butti's failure to keep the Court informed of his current address.  Rule 5.2 of the Local Rules of Civil Procedure for the United States District Court of the Western District of New York states that:

> (d) A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant.  Papers sent to this address will be assumed to have been received by plaintiff.
> In addition, the Court must have a current address at all times.  Thus, **a *pro se* litigant must inform the Court immediately in writing of any change of address.  Failure to do so may result in dismissal of the case with prejudice**.

Local Rules of Civil Procedure for the United States District Court of the Western District of New York, Rule 5.2(d) (emphasis added).  Clearly, the recent Docket activity as described above demonstrates that Butti has violated this local rule and there is no indication that he intends future contact with the Court.  As a result of petitioner's failure to furnish the Court with a current address or keep the Court informed of his release and recent change in address, the petition is hereby dismissed with prejudice.

## CONCLUSION

For the above stated reasons, this petition for habeas corpus relief is denied, and the action is dismissed.  Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these

issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

**VICTOR E. BIANCHINI**
United States Magistrate Judge

Dated:   August 30, 2005
         Buffalo, New York